UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BOBBY JO ROBICHAUX** | * | **CIVIL ACTION:** |
| **AND MARK ROBICHAUX** | * | |
| Petitioners | * | |
| | * | |
| v. | * | **JUDGE** |
| | * | |
| | * | **MAG. JUDGE** |
| **General Electric Co., GE Healthcare, Inc.,** | * | |
| **GE Healthcare Bio-Sciences Corp.,** | * | |
| **Bayer Corp., Bayer Healthcare** | * | |
| **Pharmaceuticals, Inc., Tyco Healthcare,** | * | |
| **Tyco Healthcare, Ltd., Mallinckrodt, Inc.** | * | |
| **Bracco Diagnostics, Inc.** | * | |
| Defendants | * | |
| | * | **JURY TRIAL REQUESTED** |

*********************************************************************

## COMPLAINT

## PETITION FOR DAMAGES

Petitioners, Bobby Jo Robichaux and Mark Robichaux, though undersigned counsel, bring this Petition for Damages and allege as follows:

## NATURE OF THE ACTION

1.

This is an action for personal injuries and economic damages suffered by Petitioners as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacturing, testing, packaging, promoting, marketing, distribution,

labeling and/or sale of gadolinium-based contrast agents (GBCAs) known as Magnevist, Gadavist, MultiHance, Omniscan, Dotarem, ProHance, OptiMARK, Eovist and Ablavar.

## PARTIES

2.

Petitioners, Bobby Jo Robichaux and Mark Robichaux, are of the full age of majority and residents of and domiciled in the Parish of Lafourche, State of Louisiana.

3.

Defendants, General Electric Co., GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp., Bayer Corp., Bayer Healthcare Pharmaceuticals, Inc., Tyco Healthcare, Tyco Healthcare, Ltd., Mallinckrodt, Inc. and Bracco Diagnostics, Inc. (collectively referred to as the "Manufacturing Defendants"), are corporations doing business within the State of Louisiana and within the jurisdiction of this Honorable Court.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5.

Venue is properly set in this District pursuant to 28 U.S.C. §1391(b) since Defendants transacts business within this judicial district. Likewise, a substantial part of the events giving rise to the claim occurred within this judicial district.

6.

This court has personal jurisdiction over Defendants pursuant to and consistent with the

Constitutional requirements of Due Process in that Defendants, acting through their agents or apparent agents, committed one or more of the following:

    a.    The transaction of any business within the state;

    b.    The making of any contract within the state;

    c.    The commission of a tortious act within this state; and

    d.    The ownership, use, or possession of any real estate situated within this state.

7.

Requiring Defendants to litigate these claims in the State of Louisiana, Petitioners' home state does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution. All of Petitioners' claims arise in part from conduct Defendants purposefully directed to Petitioners' home state.

8.

Defendants regularly conduct or solicit business and derive substantial revenue from goods used or consumed in, inter alia, the State of Louisiana, Petitioners' home state.

9.

At all relevant times Defendants transacted, solicited, and conducted business in Louisiana, Petitioners' home state and derived substantial revenue from such business.

10.

At all times relevant hereto Defendants expected or should have expected that its acts would have consequences within the United States of America, and in the State of Louisiana, Petitioners' home state in particular.

11.

At all relevant times, Defendants placed its product used by Petitioner into the stream of interstate commerce.

12.

Defendants named herein is conclusively presumed to have been doing business in this state and are subject to Louisiana's long arm jurisdiction.

13.

At all relevant times, Defendants expected or should have expected that their acts and omissions would have consequences within the United States and Louisiana.

14.

Petitioners' damages in this matter accrued in Louisiana.

**FACTUAL CLAIMS OF PETITION FOR DAMAGES**

15.

Defendants, are indebted unto Petitioners jointly and *in solido* for all sums as are reasonable, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings, and for all other general and equitable relief as may be afforded by this Honorable Court, for the following reasons:

16.

On or about July 17, 2918, Petitioner was admitted to Leonard J. Chabert Medical Center and underwent a Lumbar Spine MRI with and without contrast, which was performed by Dr. Jessica Borne. Prior to the procedure, Petitioner was given an IV of various medications, including Gadodiamide solution 18 mL and an injection of gadodiamide (OMNISCAN) 5mmol/mL.

17.

On or about July 23, 2018, Petitioner was admitted to East Jefferson General Hospital, where she underwent an abdomen CT with IV contrast and a pelvis CT with IV contrast.

18.

After being administered the IV, plaintiff began suffering from an allergic reaction. Plaintiff has been re-admitted to the hospital several times due to ongoing complications from the IV dye.

19.

Petitioner, Bobby Jo Robichaux, alleges that GBCAs caused her severe, disabling, and disfiguring injuries to her entire body.

20.

Upon information and belief, the GBCAs produced by Manufacturing Defendants and used by Petitioner, is defective in its design or formulation in that it is not reasonably fit, suitable, or safe for its intended purpose and/or its foreseeable risks exceeded the benefits associated with its design and formulation.

21.

Upon information and belief, the GBCAs produced by Manufacturing Defendants and used by Petitioner was defective and unreasonably dangerous when it left the possession of Defendants in that it contained warnings insufficient to alert Petitioners and/or Petitioner's healthcare providers of the dangerous risks and reactions associated with the subject product.

22.

Upon information and belief, the GBCAs produced by Manufacturing Defendants and used by Petitioner was not fit for its intended purpose, was not of merchantable quality, did not conform to Defendants' express representations of its intended use because the GBCA was not safe, caused Petitioner serious side effects, and caused Petitioner severe and permanent injuries.

23.

Defendants, are also liable to Petitioners in redhibition inasmuch it sold a product to Petitioners containing a hidden defect which rendered the product unfit for ordinary use and so inconvenient that Petitioners would not have purchased the product had she known of the defect.

25.

Defendants are also liable to Petitioners for breach of warranty of fitness of ordinary use inasmuch it sold a product to Petitioners that was contaminated and/or defective, and not reasonably fit for its ordinary use.

26.

In addition to the above, and in the alternative thereto, the injuries, offenses, and damages suffered by Petitioner were caused by acts or omissions of Defendants which may be beyond proof by Petitioners herein; however, because the product was, at all times pertinent, within the exclusive control of the Defendants, there is no other possible conclusion than that Petitioners' damages resulted from the negligence of Defendants. Accordingly, Petitioner pleads the doctrine of *res ipsa loquitor*, and/or that Defendants is strictly liable for Petitioners' injuries and damages.

**DAMAGES**

27.

The conduct of Defendants directly and/or proximately caused Petitioner, Bobby Jo Robichaux, to suffer severe and painful personal injuries and damages, which presently include, but are not limited to:

a. otherwise unnecessary medical treatment and all risks associated therewith;

b. keen mental anguish, embarrassment, humiliation, and emotional distress;

c. the need for medical monitoring;

d. future medical problems not yet known or realized;

e. past medical expenses;

f. future medical expenses;

g. loss of enjoyment of life;

h. loss of earnings and/or earning capacity;

i. attorneys' fees; and

j. all other elements of damages and injuries, as may be shown at the trial of this matter.

28.

The conduct of Defendants directly and/or proximately caused Petitioner, Mark Robichaux, to suffer severe and painful personal injuries and damages, which presently include, but are not limited to:

a. loss of consortium; and,

b. all other elements of damages and injuries, as may be shown at the trial of this matter.

## **JURY TRIAL DEMAND**

29.

Petitioner is entitled to, and request, a trial by jury.

WHEREFORE, Petitioners, Bobby Jo Robichaux and Mark Robichaux, pray that Defendants, General Electric Co., GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp., Bayer Corp., Bayer Healthcare Pharmaceuticals, Inc., Tyco Healthcare, Tyco Healthcare, Ltd., Mallinckrodt, Inc. and Bracco Diagnostics, Inc., be served with a copy of this Petition for Damages, and that, after due proceedings, there be judgment herein in favor of Petitioners and against Defendants, for all damages as are reasonable, together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, including attorneys' fees, for all general and equitable relief, and for trial by jury.

Respectfully submitted,

*/s/ John D. Sileo*
JOHN D. SILEO (LA. BAR NO.: 17797)
CASEY W. MOLL (LA BAR NO.: 35925)
320 North Carrollton Avenue, Suite 101
New Orleans, Louisiana 70119
504-486-4343 (telephone)
504-297-1249 (facsimile)
jack@johnsileolaw.com
casey@johnsileolaw.com

*/s/ J. Michael Daly, Jr.*
J. Michael Daly, Jr., Bar No. 19539
3939 North Causeway Blvd .Suite 200
Metairie, Louisiana 70002
504-846-5700 (telephone)
504-846-5722 (facsimile)